# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:06CR00040 |
| v. | ) | **OPINION** |
| | ) | |
| **SAMUEL ROBERT CONRAD, III**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Samuel Robert Conrad, III, was charged in this court with the unlawful possession of a firearm and on February 22, 2007, without objection by the government, he was found not guilty solely by reason of insanity. Pursuant to 18 U.S.C.A. § 4243(b) (West 2000), he was immediately committed for a mental examination. On May 15, 2007, after a hearing in this court, and based upon the advice of the director of the facility where Conrad had been evaluated, he was ordered discharged upon conditions, pursuant to 18 U.S.C.A. § 4243(f) (West 2000).

On August 19, 2008, Conrad was charged by state authorities with the murder of his sister-in-law. An investigation showed that the victim had been beaten to death during the course of an argument over money. On February 4, 2010, Conrad pleaded

guilty in state court to voluntary manslaughter and was sentenced to four years and seven months of imprisonment and five years of supervision following release from prison. Following this conviction, a probation officer of this court filed the present Petition, seeking to revoke Conrad's conditional discharge as a result of his guilty plea to the manslaughter charge, as well as his possession of a firearm, possession and use of illegal drugs, and association with a convicted felon.

Represented by counsel, Conrad has filed a Motion to Dismiss the Petition, asserting that this court has no authority to revoke his conditional discharge because it does not currently have primary jurisdiction over him, citing 18 U.S.C.A. § 4243(g) (West 2000), which provides that "the court having jurisdiction over [the person conditionally discharged]" may recommit him. Because Conrad is currently serving a state sentence, it is argued, he cannot be recommitted to the custody of the federal authorities for further mental evaluation and treatment.

Conrad also argues that while the Petition shows noncompliance with some of the conditions of his discharge, none of the conditions violated have a nexus with any noncompliance with a regimen of treatment for his mental disease or defect and thus, do not serve as a basis for revocation of his conditional discharge.

I find these arguments to be without merit.

While it is true that Conrad cannot be immediately remanded for a mental examination, that does not mean that the court does not have power to determine if he has violated the conditions of discharge. For example, the Interstate Agreement on Detainers, 18 U.S.C.A., app. 2, § 2 (West 2000), permits a receiving court to try a defendant even though the defendant is serving a prison sentence in a different jurisdiction and is only borrowed for the trial. The facts concerning Conrad's violations of his conditional discharge are now fresh and thus appropriate for determination.

As a corollary to this argument, Conrad contends that the court should not now decide whether he should be remanded for a mental evaluation, because his mental condition might change during the period that he is incarcerated by the state. But the statute imposes no such limitation, and it is unlikely that the cause for another mental evaluation will be materially different in the few years hence, when Conrad has satisfied his state sentence.

As to the second argument, I adopt the reasoning of those courts that have held that a district court may revoke a conditional discharge for violation of conditions other than those relating to a failure to comply with mental care or treatment. *See United States v. Franklin*, 435 F.3d 885, 889-90 (8th Cir. 2006); *United States v. Phelps*, 283 F.3d 1176, 1184-87 (9th Cir. 2002); *United States v. Jain*, 174 F3d 892,

898 (7th Cir. 1999). *But see United States v. Crape*, 603 F.3d 1237, 1244 (11th Cir. 2010). There was no objection to these conditions when Conrad was discharged in 2007. Moreover, the present violations, which are undisputed, do have an adequate relationship to Conrad's mental condition or defect, since they involve conduct symptomatic of his earlier psychiatric diagnosis.[1]

* * *

The defendant has a long history of mental illness. After his insanity acquittal in this court, the medical authorities believed that he could be safely discharged from civil commitment. Tragically, that proved not to be the case. It violates no statutory or other right of the defendant to require that after he completes his current state sentence, he be promptly recommitted for further mental evaluation. Accordingly, the Motion to Dismiss will be denied.

A separate order will be entered herewith.

---

[1] Based on the 2007 mental evaluation by the Bureau of Prisons, it was reported that Conrad "has a history of severe psychiatric symptoms including episodes [of] extreme manic irritability that may motivate aggressive acting out." (Forensic Evaluation, Apr. 12, 2007, at 5.) In addition, the report advised that "[a]ny use of illicit drugs is strongly contraindicated due to the potential to exacerbate Mr. Conrad's psychiatric illness." (*Id.* at 6.) Conrad's violations all involve conditions intended to prohibit conduct potentially leading to violence or illegal drug use.

DATED: July 5, 2010

/s/ JAMES P. JONES
United States District Judge