# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:06CR00040 |
| v. | ) **OPINION AND ORDER** |
| SAMUEL ROBERT CONRAD, III, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant in this criminal case, Samuel Robert Conrad, III, was found not guilty only by reason of insanity of certain firearms charges in 2007. Conrad was committed to the custody of the Bureau of Prisons for confinement in a suitable facility pursuant to 18 U.S.C.A. § 4243 (West 2000). On May 15, 2007, following a hearing and based upon the advice of the director of the facility where Conrad had been evaluated, I ordered him discharged upon conditions, pursuant to § 4243(f).

On August 19, 2008, state authorities charged Conrad with the murder of his sister-in-law. An investigation showed that the victim had been beaten to death during the course of an argument over money. On February 4, 2010, Conrad pleaded guilty in state court to voluntary manslaughter and received a sentence of

four years and seven months of imprisonment followed by five years of supervised release.  Following this state conviction, a probation officer of this court filed a petition seeking to revoke Conrad's conditional discharge as a result of his guilty plea to the manslaughter charge, as well as his possession of a firearm, possession and use of illegal drugs, and association with a convicted felon.  I held a hearing, after which I revoked Conrad's conditional release pursuant to 18 U.S.C.A. § 4243(g) and ordered that he be taken into custody following his release from his state sentence.

Conrad appealed the revocation, and the court of appeals vacated my order revoking Conrad's conditional release and remanded the case with directions to vacate the order granting conditional release.  *United States v. Conrad*, No. 10-6962 (4th Cir. Jan. 5, 2012).  The court of appeals did not state the reasons for its rulings, but the briefings by the parties suggest that the court may have determined that it was plain error for this court to have released the defendant on conditions under § 4243(f) without first having conducted a hearing on the issue of whether he should be released or indefinitely committed pursuant to 18 U.S.C.A. § 4243(e).  *See United States v. Baker*, 155 F.3d 392, 395 (4th Cir. 1998) (holding that "a subsection (f) discharge hearing simply cannot, as a matter of the statute's construction, take place until after a subsection (e) disposition of commitment has occurred").

In compliance with the mandate of the court of appeals, I vacated the order granting the defendant a conditional release. In the meantime, Conrad was indicted in a new case in this court, Case No. 1:11CR00042, in which he was charged with unlawful possession of firearms and conspiracy to distribute controlled substances. At the request of his counsel in this new case, Conrad was committed for a psychiatric evaluation. After receiving the report of that evaluation, I held a competency hearing and found that Conrad was suffering from a mental disease rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or assist properly in his defense. *United States v. Conrad*, Case No. 1:11CR00042 (W.D. Va. May 15, 2012). As a result, I committed him to the custody of the Attorney General for hospitalization pursuant to 18 U.S.C.A. § 4241(d) (West Supp. 2013).

Conrad's counsel then filed, in this case, a Motion for Immediate Adjudication of Indefinite Commitment pursuant to 18 U.S.C.A. § 4243(e), which I denied on due process grounds due to Conrad's mental incompetence. *United States v. Conrad*, No. 1:06CR00040, 2012 WL 4458233 (W.D. Va. July 17, 2010). Later on December 14, 2012, I held a competency hearing in Case No. 1:11CR00042 and found that Conrad's competency had been restored. However, in this case, I directed that the hearing required by 18 U.S.C.A. § 4243(e) be

delayed pending the determination of Case No. 1:11CR00042, because Conrad could not be released because he was in custody awaiting trial in that case.

Conrad subsequently entered a guilty plea in Case No. 1:11CR00042 and was sentenced to eight years of imprisonment followed by three years of supervised release. In the instant case, Conrad has now filed a Motion to Dismiss Due to Federal Conviction, in which he argues that no further proceedings should be undertaken because his lengthy term of federal imprisonment eliminates any risk to the public, and therefore no basis exists for his commitment under § 4243. The government urges me to deny the motion and delay the § 4243 hearing until the end of Conrad's term of incarceration.

Section 4243(a) states that a person found not guilty only by reason of insanity "shall be committed to a suitable facility until such time as he is eligible for release pursuant to subsection (e)." 18 U.S.C.A. § 4243(a). The statute instructs the court to order a psychological examination of the insanity acquitee and then hold a hearing within forty days following the special verdict. 18 U.S.C.A. § 4243(b)-(c). If after the hearing, the court fails to find that the person's release would not create a substantial risk of danger to person or property, the court must commit him to the custody of the Attorney General for hospitalization until his mental condition is such that his release "would not create a substantial risk of

bodily injury to another person or serious damage to property of another." 18 U.S.C.A. § 4243(e).

There is scant case law addressing the unusual scenario at hand, where an insanity acquitee has been convicted of a subsequent offense and sentenced to a term of imprisonment before a hearing is held to determine whether he should be released or indefinitely committed pursuant to 18 U.S.C.A. § 4243(e). In *United States v. Tucker*, the district court had directed that an insanity acquitee's § 4243 hearing would be delayed until he was released from state custody, and the Fourth Circuit affirmed the district court's decision to delay the hearing. 153 F. App'x 173, 175 (4th Cir. 2005) (unpublished). In *United States v. Kenney*, a district court considered whether a § 4243 hearing was required despite the fact that the insanity acquitee faced at least ten years of federal incarceration for other offenses. 152 F. Supp. 2d 631, 632 (M.D. Pa. 2001). The defendant in that case had been simultaneously acquitted only by reason of insanity of one count and convicted of another count in the same trial. *Id.* at 633. The *Kenney* court found that the defendant was not an "acquitted person" for purposes of § 4243 because his incarceration for other crimes would prevent him from being released and potentially causing harm to another's person or property. *Id.* at 633-34. The court noted that neither the government nor the defendant had requested a hearing on the defendant's mental condition. *Id.* at 634.

I find that the purposes of § 4243 will be best served in this case by delaying Conrad's hearing until the end of his term of imprisonment. I note that the statute places upon Conrad the burden of proof at the hearing. 18 U.S.C.A. § 4243(d). Despite his pending period of incarceration, Conrad has not yet satisfied that burden. Conrad has a long history of mental illness and after I previously released Conrad upon conditions, he was convicted of violent conduct. While his imprisonment will presumably prevent him from committing a similar crime for the next few years, he must still convince this court at that time that his mental state is such that he is not dangerous.

For these reasons, it is **ORDERED** that the Motion to Dismiss Due to Federal Conviction (ECF No. 137) is DENIED.

ENTER: August 26, 2013

/s/ James P. Jones
United States District Judge