CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
August 20, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:06CR00040 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SAMUEL ROBERT CONRAD, III,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Danielle Stone, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Samuel Robert Conrad, III, having been found not guilty by reason of insanity (NGRI), and released on conditions, now requests that he be discharged without further conditions or supervision. Following briefing and an evidentiary hearing held on August 13, 2026, this opinion consists of my findings of fact and conclusions of law. Conrad's request is granted in part and denied in part.

## I. HISTORY.

Mr. Conrad's history of mental illness and criminal conduct is described in detail in my prior opinions, *United States v. Conrad*, No. 1:06CR00040, 2023 WL 3122446 (Apr. 27, 2023) and 2021 WL 4860752 (Oct. 19, 2021), and I refer the reader to those opinions for a fuller understanding of the case. In summary, Mr. Conrad was charged in 2006 with illegally possessing firearms. At a bench trial, he

was found NGRI, based on his schizoaffective disorder, bipolar type. In 2007 he was released from custody under conditions under 18 U.S.C. § 4243(f)(2), but in a little over a year he was charged in state court with the murder of his sister-in-law. He was convicted upon his *Alford* plea to the lesser crime of voluntary manslaughter and sentenced to five years and seven months' incarceration. In addition, I revoked his conditional release under 18 U.S.C. § 4243(g).[1] After service of his state sentence he was returned to this court to face new a new charge of unlawful possession of firearm that occurred on and before his state conviction. He pleaded guilty and was sentenced to eight years imprisonment and three years of supervised release. J. 3, Case No. 1:11CR00042, Dkt. No. 118 (W.D. Va. June 20, 2013).

## II. PRESENT CIRCUMSTANCES.

In 2023, after completion of his federal sentence, and based on his satisfactory conduct since 2019, I again released him upon conditions, requiring that he reside at the Gateway Homes Supportive Living Apartments (Gateway Homes), near Richmond, Virginia, that he participate in a regime of mental health care, and

[1] Relying on the holdings of other circuits, and in the absence of Fourth Circuit precedent, I held that a district court may revoke a conditional discharge for violation of conditions other than those relating to a failure to comply with mental care or treatment. *United States v. Conrad*, No. 1:06CR00040, 2010 WL 2671384, at *2 (W.D. Va. July 5, 2010). Recently a Fourth Circuit panel was presented with this issue and held (contrary to my holding) that revocation of discharge may be based *only* on a failure to comply with a condition that is part of the prescribed regimen of medical, psychiatric, or psychological care or treatment. *United States v. Roney*, No. 24-4556, slip op. 2 (4th Cir. Aug. 14, 2026, Am. Aug. 17, 2026).

that he be supervised by a U.S Probation Office. Since then, I have approved modifications to the conditions, including removing conditions that he wear a GPS location monitoring device and that he does not leave the premises of Gateway Homes unless escorted by a staff member. He also has been granted several leaves to visit family members, who live several hours away. He has a vehicle that he purchased with help from a sibling. Using his vehicle when needed, he attends NA and AA meetings, shops for his groceries, and attends church.

Conrad is now 63 years old. He likes his life at Gateway Homes, where he now lives in a group home called Lacy House with seven other residents. He works for Gateway Homes at various paying jobs, including caring for horses used in a new equine therapy program, which he enjoys. He testified that if released from conditions, he might remain at Gateway Homes, or he might move to Florida or live with his son in southwest Virginia. He has an issue with being supervised in that in the event of a family emergency he might not be able to get timely permission from his Probation Officer for leave. He also wishes to recover his right to vote, which he believes he is ineligible for while being supervised.

Conrad has submitted letters from Gateway Homes treatment providers, as well as his supervising probation officer, supporting his request for discharge.[2] In

---

[2] The probation officer also testified at the hearing. In addition, Conrad's son testified at the hearing and indicated that his father could live with him and that he supported his father's discharge.

addition, Robert J. Gardella, M.D., a psychiatrist who manages Conrad's medication, submitted a letter and also testified at the hearing. While Conrad has been at Gateway Homes since 2023, Dr. Gardella has only been seeing him since January 1, 2025. Based on the records and his personal knowledge, Dr. Gardella testified that Conrad has not had any incidents since coming to Gateway Homes. He stated in his letter that Conrad "does not currently pose a substantial risk to harm himself or others." Gardella Ltr., Apr. 6, 2026, Dkt. No. 241-1. Dr. Gardella testified that Conrad suffers from a bipolar disorder and that he will never be cured of that affliction to the extent that he could safely stop taking his main medication, aripiprazole, given by periodic injection.[3] He stated that while taking this medication does not guarantee remission, the odds of having psychotic symptoms are significantly reduced and if he did not take the medicine, the likelihood of the recurrence of such symptoms would be significantly increased.

## III. FINDINGS.

While Conrad is currently on conditional release, I find that the issue is still whether Conrad's complete discharge, i.e., removing all of his conditions,

[3] Ariprazole, often sold under the brand name Abilify, is an antipsychotic and mood stabilizing drug, used primarily for schizophrenia and bipolar mania disorders. Willie Q.W. v. Bisignano, No. 2:24-cv-09766-PD, 2025 WL 2495535, at *4 n.5 (C.D. Cal. Aug. 27, 2025). Dr. Gardella testified that Conrad had earlier been diagnosed with schizophrenia and that it was difficult to distinguish between the two disorders.

> "would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(d), (f)(2). "In considering either a hospital-initiated or a patient-initiated request for conditional release, the district court is obligated to make its own independent judicial determination regarding the patient's dangerousness." *United States v. Hinckley*, 292 F. Supp. 2d 125, 131 (D.D.C. 2003). Moreover, "a court is not required to accept the opinion of any expert witness, or even the unanimous opinion of all the experts, but must consider all relevant evidence including the patient's hospital file, the court files and records in the case, and whatever illumination is provided by counsel." *Id.* (internal quotation marks and citation omitted). "[T]he existence of a substantial problem of danger in the reasonable future provides an adequate basis for the continued detention and confinement of an insanity acquittee who . . . has committed a violent criminal act unless the district court can make an affirmative finding that it is at least more probable than not that he will not be violently dangerous in the future." *United States v. Ecker*, 543 F.2d 178, 188 (D.C. Cir. 1976) (internal quotation marks and citation omitted).

*United States v. Conrad*, 2023 WL 3122446, at *3; *see United States v. Johnson*, 981 F. Supp. 1443 (M.D. Ala. Oct. 23, 1997) (discharging NGRI defendant previously released on conditions). Conrad has the burden proof by a preponderance of the evidence. 18 U.S.C. § 4243(d).

I find credible the medical opinions expressed by Dr. Gardella. Conrad himself testified at length at the hearing and I find him credible. At bottom, I believe Conrad simply wants freedom to decide where he wants to live, even accepting that his situation at Gateway Homes gives him purpose and security, after a life of mental illness and chaos. This desire is understandable, but in view of his history of violence and the medical opinion, I find that it would be inappropriate to remove the

condition that he participate in psychiatric treatment, including anti-psychotic medication. I am willing to remove his other conditions, such as living at Gateway Homes, but I find that for Conrad's health and safety, as well as the safety of the public, continuing psychiatric treatment is necessary. While Conrad states he wishes to continue such treatment, I believe that at least for the present, control by the court is necessary.

The parties are directed to confer and submit to the court a proposed order that would remove all conditions except a condition providing for a regimen of mental health care consistent with his present care at Gateway Homes, including a provision for injectable units of anti-psychotic medication. In addition, there must be other conditions that are part of the required psychiatric treatment, including that Conrad must provide his current residence address to the Abingdon Division Probation Office and that he must allow all mental health providers to submit ongoing medical information to that Probation Office. The proposed order must be submitted within 14 days of this Opinion and Order.

It is so **ORDERED**.

The Clerk shall provide a copy of this Opinion and Order to Angela Sullivan, SUSPO.

ENTER: August 20, 2026

/s/ JAMES P. JONES
Senior United States District Judge